Filed 6/25/21  P. v. Aldaco CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANTHONY ALDACO,<br><br>　　　Defendant and Appellant. | F080795, F080797<br><br>(Super. Ct. Nos. BF175103A,<br>BF173106A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*　　Before Franson, Acting P.J., Smith, J. and Meehan, J.

Appointed counsel for appellant Anthony Aldaco asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Aldaco was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. To date, no supplemental brief has been filed. Finding no arguable error that would result in a disposition more favorable to Aldaco, we affirm.

## PROCEDURAL HISTORY

*Case No. BF175103A*

On February 6, 2019, the Kern County District Attorney's Office filed an information charging Aldaco with residential burglary (Pen. Code,[1] § 460, subd. (a), count 1), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4), count 2), making a criminal threat (§ 422, count 3), and domestic violence (§ 273.5, subd. (a), count 4). The information further alleged that a nonparticipant was present during the commission of the burglary (§ 667.5, subd. (c)(21)), and that Aldaco had served a prior prison term (§ 667.5, subd. (b)).[2]

On April 3, 2019, Aldaco entered a plea of no contest to counts 3 and 4. The prosecutor dismissed all other counts and enhancement allegations in view of the plea.

On June 4, 2019, the trial court suspended imposition of sentence on count 3 and placed Aldaco on formal probation for a period of three years, subject to various conditions. As to count 4, the trial court sentenced Aldaco to 176 days in county jail, with credit for time served. The trial court also imposed various fines and fees without objection by Aldaco.

---

[1]     All undefined statutory citations are to the Penal Code unless otherwise indicated.

[2]     Aldaco was charged jointly with his sister, Lizeth Aldaco, who was also on probation at the time of the instant offense. Their probation revocation hearings were held at the same time.

On September 4, 2019, the trial court issued a bench warrant for Aldaco for violating the terms of his probation.

On January 21, 2020, following a contested hearing, the trial court found Aldaco had violated the terms of his probation. His probation was revoked. The prosecutor dismissed the case pending against Aldaco which had served as the basis for the probation violation (case No. BF178381A).

On January 29, 2020, the trial court sentenced Aldaco to a prison term of four years eight months. The court imposed the upper term of four years on count 4 and a consecutive term of eight months on count 3. The trial court ordered the $300 suspended probation revocation fine (§ 1202.44) to be paid, and imposed a stayed parole revocation restitution fine (§ 1202.45) in the amount of $300.

On February 13, 2020, Aldaco filed a timely notice of appeal.

**Case No. BF173106A**

On July 24, 2018, the Kern County District Attorney's Office filed a criminal complaint charging Aldaco with possession of a stolen vehicle (Veh. Code, § 10851, subd. (a), count 1), receipt of a stolen property (§ 496d, subd. (a), count 2), and resisting arrest (§ 148, subd. (a)(1), count 3). The complaint further alleged Aldaco had served one prior prison term (§ 667.5, subd. (b)).[3]

On August 22, 2018, Aldaco entered a plea of no contest to counts 2 and 3. In view of his plea, the prosecutor dismissed count 1 and the prior prison term enhancement allegation.

On September 20, 2018, the trial court sentenced Aldaco to a prison term of three years on count 2. The sentence was split pursuant to section 1170, subdivision (h), with 16 months to be served in county jail, and the remainder to be served on mandatory

---

[3]     Aldaco was charged jointly with two other individuals who are not relevant to this appeal.

supervision. The trial court sentenced Aldaco to a concurrent term of six months on count 3. The trial court also imposed various fines and fees.

On April 3, 2019, Aldaco admitted to a violation of the terms of his mandatory supervision.

On June 4, 2019, the trial court reinstated mandatory supervision and sentenced Aldaco to 176 days in county jail. The court also ordered Aldaco to pay probation supervision costs.

On September 4, 2019, the trial court issued a bench warrant for Aldaco for violating the terms of his mandatory supervision.

On January 21, 2020, following a contested hearing, the trial court found Aldaco in violation of the terms of his mandatory supervision.

On January 29, 2020, the trial court imposed a prison term of three years, to run concurrent with Aldaco's sentence in case No. BF175103A.

On February 13, 2020, Aldaco filed a timely notice of appeal.

On June 12, 2020, this court ordered Aldaco's appeals in case Nos. F080795 and F080797 consolidated.

## STATEMENT OF FACTS

The contested hearing held on January 21, 2020, concerned both of Aldaco's pending cases (case Nos. BF175103A & BF173106A). The following statement of facts is derived from evidence adduced at the hearing.

### Prosecution's Case

On September 10, 2019, at approximately 10:25 p.m., Kern County Sheriff's Deputy Quiapo was dispatched to a residential home pursuant to a battery investigation. When he arrived, he observed Shelby C., Christina M., and a third unidentified female at the residence. Quiapo noticed the area around Shelby's left eye was swollen, she had abrasions on her neck and on her nose, and she had multiple scratches on her neck and chest. Photographs were taken of Shelby's injuries.

4.

Christina and Shelby were friends. Earlier that evening, Shelby told Christina that Shelby's vehicle had been stolen. Shelby believed Anthony, the father of Shelby's children, had stolen it.[4] Christina picked up Shelby and drove her around to search for the vehicle. They found the vehicle parked in the vicinity of a marijuana dispensary.

As Shelby approached her vehicle to remove the keys from its ignition, Anthony exited the shop. He grabbed Shelby by her hair and punched her in the head and face multiple times. Lizeth, Anthony's twin sister, exited Shelby's vehicle, grabbed Shelby by her hair, and began punching her in the face multiple times.

Christina exited her vehicle to assist Shelby, but an unidentified male blocked her from doing so. Anthony picked up a beer bottle and threw it at the windshield of Christina's vehicle. He fell and then fled the area.

Certified orders of criminal protection prohibited both Anthony and Lizeth from using force or violence against Shelby. Lizeth was also prohibited from contacting Shelby.

### Defense's Case

Lizeth and Anthony testified at the hearing. Both Lizeth and Anthony had suffered prior felony convictions, and had certified orders of criminal protection prohibiting them from using force or violence against Shelby. Lizeth claims she walked away from Shelby when she saw her because the protective order also prohibited her from contacting Shelby, and Lizeth had just been released from jail for assaulting Shelby on a prior occasion. Lizeth denied hitting Shelby or pulling her hair, and Anthony claimed he crossed the street when he saw Shelby.

Christina and Shelby testified that they could not remember most of what had occurred on the day of the incident.

---

**4**      Throughout this statement of facts, we refer to Lizeth Aldaco and Anthony Aldaco by their first names to avoid confusion. No disrespect is intended.

## DISCUSSION

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The order revoking Aldaco's probation and his mandatory supervision is affirmed.